UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO SANCHEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>　　　　　Defendant. | No.  2:24-cv-1427 CKD P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　　　Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

/////

1

1  the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account
2  exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).
3          The court is required to screen complaints brought by prisoners seeking relief against a
4  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
5  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
6  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
7  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
8          The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon
9  which relief can be granted under federal law.  Plaintiff's complaint must be dismissed.  The
10 court will, however, grant leave to file an amended complaint.
11         The only defendant identified by plaintiff is the California Department of Corrections and
12 Rehabilitation.  The Eleventh Amendment serves as a jurisdictional bar to suits brought by private
13 parties against a state or state agency unless the state or the agency consents to such suit.  See
14 Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam);
15 Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  The State of California has not
16 consented to suit.
17         If plaintiff chooses to file an amended complaint, he is informed that there can be no
18 liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a
19 particular defendant's actions, such as a correctional officer, and the claimed deprivation.  Rizzo
20 v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official
21 participation in civil rights violations, such as by the Warden simply because he is the Warden,
22 are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).
23         Plaintiff is also advised that all claims in his amended complaint must be properly joined.
24 Under Rule 20 of the Federal Rules of Civil Procedure, plaintiff cannot bring unrelated claims
25 against different defendants.  Simply put, plaintiff cannot join claims against defendant B that
26 have nothing to do with those brought against defendant A.  Claims are not properly joined
27 simply because the underlying acts occurred at the same prison.
28 /////

Further, plaintiff is informed that under 42 U.S.C. § 1997e(a) "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Finally, plaintiff is informed that the court cannot refer to a prior pleading to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  September 26, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
sanc1427.14